IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PHILLIPPI SULTAN LOWE, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:22-CV-555-MHT-KFP |
| JONATHAN JENKINS, et al., | ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

On September 19, 2022, pro se plaintiff Phillippi Lowe filed this action against defendant Jonathan Jenkins, "his White Wife," and Dr. and Mrs. Mark Vermillion. Plaintiff alleges "Brutal Child Abuse" and "Black-Infants-Child-Malicious-Trafficking." The Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff moved the Court for an extension of the response deadline, which the Court granted. Doc. 11. Plaintiff filed a response. Doc. 12.

For the reasons set forth below, this action is due to be dismissed because the Court does not have jurisdiction over it; additionally, dismissal is appropriate because the action is frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    SUBJECT MATTER JURISDICTION**

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that a court must have jurisdiction over the subject matter of the

action before it can act. District courts are courts of limited jurisdiction and are authorized by the United States Constitution or by statute to hear only certain types of actions. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal courts are obligated to inquire into subject matter jurisdiction "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). In addition, Rule 12(h)(3) of the Federal Rules of Civil Procedure requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

**II.      SECTION 1915 STANDARD OF REVIEW**

Plaintiff's Complaint is subject to this Court's screening prior to service of process pursuant to 28 U.S.C. § 1915(e). Under § 1915, a federal court must dismiss an action if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The statute's purpose is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A dismissal pursuant to § 1915(e)(2) may be sua sponte by the court prior to the issuance of process. *Id*. at 324.

A complaint is frivolous where it "lacks an arguable basis either in law or in fact." *Id*. at 325. That is, when it "has little or no chance of success," and it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A claim is frivolous as a matter of law where, for example, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Neitzke*, 490 U.S. at 327.

## III.   DISCUSSION

### A.   Factual Allegations

Plaintiff's response to this Court's Order does little to improve the lacking support for a finding that the Court has jurisdiction over the case. The Complaint against defendant Jonathan Jenkins, "his White Wife," and Dr. and Mrs. Mark Vermillion regarding "Brutal Child Abuse" and "Black-Infants-Child-Malicious-Trafficking" includes very few factual allegations. Doc. 1. It is replete with labels and conclusions. The Complaint alleges two children were beaten by unidentified actors while in the custody of one or more of the defendants. Doc. 1 at 1–2. Defendants, who are sued as private citizens, are alleged to have "conspired to and disregarded the courts legal orders," and for this Plaintiff demands "Punitive/Exemplary damages [of $13,000,000] to and punish the Defendants and deter others from engaging in Outrages-Racist-Criminal-Black-infant-Child-abuse crimes etc." Doc. 1 at 1–2.

### B.   Jurisdiction

While the Complaint and Plaintiff's response cite to various federal statutes and include labels like "under color of law," these stray recitations do not establish a federal cause of action or a basis for federal jurisdiction. "A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint." *Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238 (11th Cir. 2009) (citing *Kemp v. Int'l Business Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997); *see also Hall v. U.S. Dep't Veterans' Affairs*, 85 F.3d 532, 533 (11th Cir. 1996) (when case is dismissed on basis of complaint, court must look to face of that pleading to determine subject-matter jurisdiction)).

As best it can be understood from the face of the Complaint, Plaintiff seeks a remedy for the alleged abuse of the two children, and he desires criminal prosecution for the same. Neither means of recourse establishes that this Court has jurisdiction. In the Complaint, Plaintiff recites various federal statutes: "USC Title 18 § 1961-1968 RICO Act violation USC Title 18 Obstruction of Justice, USC 1985 Conspiracy to Interview with Civil Rights, USC Title 18 Code 1512-Tampering with Witness, USC Title 18 USC Code 249. . . . The Civil Rights Act of 1954. USC Title 242-1981-1983 5th and 14th amends etc." Doc. 1 at 1. And he alleges that the defendants "[have] already committed US FEDERAL and STATE of ALABAMA crimes/torts of Black-Criminally-Child-Trafficking-Revengeful-Malicious-Racist-Hate-Crimes-Terror etc. of the Black infant children . . . while in the

4

illegally criminal child custody of Jenkins, who along with the Vermilions also criminally, willful and intentionally violated Pike and Montgomery County Alabama Court Orders." Doc. 1 at 1–2. The defendants are further alleged to have conspired about violating the referenced state court orders with an individual who is not named as a defendant and who Plaintiff describes as "Convicted Perjurer-Katrina Rand Pickett, a street known Cocaine (*powder-head*) Addict, prostitutes etc." Doc. 1 at 2 (phasis in original). In addition to $13,000,000 in money damages, Plaintiff demands that the child in the Jenkins's custody be removed and that the Court issue a no contact order against the Jenkins defendants. Doc. 1.

In his response to the jurisdictional order, again, Plaintiff sprinkles throughout citations to civil and criminal federal statutes: "U.S.C. Title 18 § 242 Deprivation of Rights" (Doc. 12 at 1); U.S.C. title 18 § 212" (Doc. 12 at 2), "U.S.C. Title 18 Code § 1591" and "U.S.C. 1983-85" (Doc. 12 at 3–4), and "title 42 § sect. 1981" (Doc. 12 at 6). In concluding his response, Plaintiff includes this lengthy statutory recitation:

> U.S.C. Title 42 § 1981 Equal Rights Under the Law, U.S.C. Title 18 § 242 Deprivation of Rights Under Color of Law, expanded lo include police, judge , etc., U.S.C. Title 18 § 1961- 1968, RICO ACT violation, U.S.C. Title 18 Code § Child Trafficking, U.S.C. Title 18 Code § Child kidnapping Under Color of Law, U.S.C. 1983- Conspiracy lo interfere with Civil Rights, U.S.C. Title 18 Code § 1512-Tampering with Witness, U.S.C. Title 18 § Code 249 Hate Crime Act, Child Abuse Act, The Civil Rights Act of 1964, 5th and l4th amendments., U.S.C. Title 42 § Prohibited Discrimination, Segregation etc., on the grounds of color, race, age etc. Under Color of Law D.H.R. Employees has Criminal Felony Violated and Created a '[State-Created-Danger]' to Plaintiff Black infant Daughter Under Color of U.S. FEDERAL and STATE of ALABAMA Statutes Law.

Doc. 12 at 6.

Merely including statutory references does not establish a basis for the exercise of subject matter jurisdiction. Plaintiff has alleged that private actors, Mr. Jenkins and his wife and Dr. and Mrs. Vermillion, had custody of children who were abused; he does not allege the defendants were the abusers (as best the Complaint can be deciphered). Doc. 1. Thus, to the extent Plaintiff seeks a civil remedy for damages suffered as a result of the alleged physical abuse of the children while in the custody of the private citizens, no identifiable federal claim exists based on the Complaint's allegations. For example, no state actor is alleged to have physically abused the children. While Plaintiff describes defendant Jonathan Jenkins as a police officer (Doc. 1), Plaintiff does not allege any facts that suggest Jenkins was acting in that capacity when he had or received custody or when the alleged abuse occurred (and, again, Plaintiff does not identify who committed the alleged abuse). It appears that the "police officer" label is simply a description Plaintiff uses to identify this defendant (e.g. "a Black Police Officer") similar to his description of Mr. Jenkins's spouse as his "Wife wife." Doc. 1 at 1. It is not a factual description regarding for whom Jenkins was acting at the time of the alleged conduct. *See Davis*, 357 F. App'x at 238 (affirming dismissal of pro se complaint for lack of jurisdiction and noting plaintiff's untimely attempt to argue a claim under § 1983 was ineffective; noting, "In the interest of completeness, . . . a claim under § 1983 requires the defendant to be a 'state actor' or to be acting 'under color of state law.'") (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)); *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337 (11th Cir. 2008) (claims under § 1981 against state actors must be brought pursuant to § 1983).

Plaintiff does include allegations in the Complaint that unnamed DHR employees did something incomprehensible. He asserts that "DHR employees is counting on the fact that some judges etc., out of just plain racial bias will not enforce this Rightful Lawsuit of Redress etc., for a Black Man because Defendants are ID as a Black Policer Officer and his White Wife and, a White renown Doctor and his White Wife." Doc. 1 at 1. He also alleges generally that "[t]he crimes and torts herein are not isolated, they are common pattern and practices of DHR employees[.]" *Id*. This is the closest Plaintiff comes in the Complaint to articulating some basis for a federal action (e.g., perhaps an attempted claim under 28 U.S.C. § 1983 over a state actor), but this gibberish does not allege any state actor engaged in any identifiable conduct.[1] Similarly, in his response, Plaintiff nonsensically states:

> DHR employees did and have coerce false witness's testimony against them [unidentified "Black Parents"], falsely accused them of illegal drugs, alcohol addiction, child molesting, etc., one single Black mother was so traumatize about losing her children, she tried to fight back legally and was provoked terrorized etc. trying to keep her children, she was finally imprisoned for (3) three-years, others are jailed, bearded false witnesses against etc. these are DHR ill-trained employee's pattern and practice of Premeditated Hate Crimes of Terror-Brutal-Brainwashing-Trafficking-Kidnapping etc., of Black infant Children Under Color of Law. ***From the beginning, a few years ago D.H.R. Employees Criminal Premeditated, the Crimes of Trafficking Plaintiff Black infant Daughters to White Foster Parents[.]

---

[1] Likewise, although Plaintiff includes a citation to 42 U.S.C. § 1981, he alleges no contractual relationship at issue, so this stray legal citation cannot form the basis of federal jurisdiction. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) ("Any claim brought under § 1981, therefore, must initially identify an impaired "contractual relationship," § 1981(b), under which the plaintiff has rights."); *Sanders-Alloway v. Mabry*, No. 2:06-CV-0419-MEF, 2008 WL 552648, at *2 (M.D. Ala. Feb. 27, 2008) ("Section 1981 does not extend to all discriminatory actions, but rather, 'prohibits discrimination only in the making and enforcement of contracts.'") (quoting *Patterson v. McLean Credit Union*, 491 U.S. 164, 176, (1989)).

7

Doc. 12 at 2 (emphasis omitted). Plaintiff goes further, in his response, to argue that D.H.R. Assistant Attorney General, Mrs. Synetria J. Bozeman, and Social Service Supervisor, Mrs. Brianna Johnson, who are not named as defendants, did something indecipherable "under color of law." Doc. 12 at 2. Because the Court cannot interpret it, Plaintiff's assertions as to these individuals are set out here in full:

> Filed/Submitted Criminal Fraudulent Genuine issues of Material Facts Torts of False Petition etc. Mrs./Ms. Synetria J. Bozeman. as STATE of ALABAMA Public Official, criminally used their position Under Color of Law, to and did committed Malfeasance etc. to and did stop Petitioner Custody for his two Black infants, [names redacted] etc. D.H.R. Assistant Attorney General - Synelria J. Bozeman, and social worker - Brianna Johnson et al, are being AMENDED for Crimes of Aiding and Abetting Montgomery D.H.R. ill trained employees etc. with their racially Criminal Premeditated "State-Created-Black-Child-Danger" to Petitioners Black infant Children et al. allowed to continue Under Color of Law for D.H.R. employees Wanton Civil Rights Violation of U.S.C. Title 18 § 242 Deprivation of Rights etc., on the illegal criminal grounds of Race. Color. Age. etc., These Under Color of Law, Racist Hate Crimes etc. have been committed against many Black Parents and their Children Under Color of Law by D.H.R. ill trained employees in Montgomery Alabama. Mrs./Ms: Synetria J. Bozeman et al. are too Dangerously ill-trained. ignorant. UNFIT, clueless, uninformed. Unaware, unknowing, oblivious, unconscious, unacquainted, unmindful, unwitting, and "possible scorned by past and present male relationship's that left them mentally disturbed and hate males etc., for Public Good and Welfare as. STATE of ALABAMA D.H.R. Assistant Attorney General, Social Service etc. and Per U.S. FEDERAL and STATE o[ ALABAMA law etc., should be dismissed from any Public Job until Properly [Re-Trained] to protect. ALABAMA Public Society.

Doc. 12 at 2–3.

The unintelligible and nonsensical statements, together with the similarly obfuscated remainder of Plaintiff's Complaint and response, are insufficient to form the

8

basis of federal jurisdiction.[2] While the Court must interpret a pro se litigant's pleading liberally, it cannot rewrite it for him. *See, e.g., Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) ("[W]e liberally construe pro se pleadings and hold them to 'less stringent standards' than we apply to formal pleadings that lawyers draft. . . . Nevertheless, we cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action.") (internal citations omitted); *see also Cox v. United States*, No. 20-62372-CV, 2021 WL 1178493, at *1–2 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted,* No. 20-62372-CIV, 2021 WL 1177486 (S.D. Fla. Mar. 29, 2021) (dismissing complaint with "incomprehensible and unsupported assertions"); *Blakely v. Fla.*, No. 20-60994-CV, 2020 WL 5578955, at *1–2 (S.D. Fla. Aug. 24, 2020), *report and recommendation adopted,* No. 20-60994-CIV, 2020 WL 5571806 (S.D. Fla. Sept. 17, 2020) (dismissing

---

[2] Notably, to the extent Plaintiff seeks to recover on behalf of the children for *their* injuries, he has not articulated any legal basis to do so. For example, although he uses the word "murder" in reference to the alleged victims' suffering, he does not allege either child is deceased. Even if a tragic demise of the children could be gleaned from the pleading, Plaintiff has not asserted that he is the personal representative of either child's estate. Therefore, there is no authority for his pursuit on their behalf. *See Rowe v. United States*, No. 2:19-CV-107-MHT-SRW, 2022 WL 722333, at *4 (M.D. Ala. Feb. 16, 2022), *report and recommendation adopted,* No. 2:19CV107-MHT, 2022 WL 715570 (M.D. Ala. Mar. 9, 2022) (citations omitted). Assuming, instead, the children are living, Plaintiff similarly asserts no basis for recovery on *their behalf* for injuries they have allegedly suffered. He simply asserts in the style of the case that he is the biological father of the children. "It is well established in this Circuit and elsewhere that, under Fed. R. Civ. P. 17(c), a non-attorney parent may not represent a child or ward in an action in the child's name. Non-attorneys may proceed pro se but only in their individual capacities and solely on their on behalf." *Alonso v. Alonso*, No. 18-23668-CIV, 2020 WL 13538521, at *3 (S.D. Fla. July 10, 2020) (citing, *inter alia*, *FuQua v. Massey*, 615 F. App'x 611, 612–13 (11th Cir. 2015) (affirming dismissal of mother's tort claims filed on behalf of minor daughter because parent is not permitted to represent child without representation by counsel); *Michel v. United States*, 519 F.3d 1267, 1271 (11th Cir. 2008) ("A party cannot be represented by a nonlawyer, so a pleading signed by a nonlawyer on behalf of another is null."); *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) (right to proceed pro se does not extend to "parents who are not attorneys [who] may not bring a pro se action on their child's behalf") (dismissing parent's action for disability benefits for minor son)).

case "fraught with incomprehensible facts" that did not identify a federal cause of action).[3]

A federal court is a court of limited jurisdiction. *Kokkonen*, 511 U.S. at 377. "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Id.* (citations omitted). Consequently, on the face of the Complaint, this Court does not have jurisdiction over this matter, and the Complaint must be dismissed on that basis.[4] *See* 28 U.S.C. § 1331.

### C. Frivolity

While a lacking jurisdictional basis may also mean the Complaint is frivolous,[5] even if a jurisdictional basis could be identified here, the Complaint is subject to dismissal, independently, as frivolous under § 1915.

---

[3] Plaintiff's response tellingly reveals what may be at the root of this action, suggesting that Plaintiff was involved at some point in time in family court proceedings with the defendants, which resulted in his loss of custody over the children he alleges have been abused. *See* Doc. 12 at 5-6.
To the extent Plaintiff attempts to challenge domestic relations issues decided by a state court, the Court notes that avenue likewise would not support a finding of federal jurisdiction. *See Murphy v. Alabama*, No. CV 2:20-00183-KD-N, 2020 WL 7395139, at *3 (S.D. Ala. Dec. 16, 2020) (dismissing for lack of jurisdiction and citing the domestic relations exception where plaintiff's claims "require the Court to review or interfere with the underlying state proceedings pertaining to the custody and care of the children—a matter traditionally within the domain of the state courts"; Where a complaint stems from domestic relations litigation in state court, "even though [plaintiff] cites federal question under Section 1983, he is asking this Court to interfere with the actions taken by a state court judge . . . in a state domestic relations case which resulted in a state . . . order issued against him. . . . Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters.") (citations and quotations omitted).

[4] Because the Complaint alleges that Defendants are from Troy and Montgomery, Alabama, it does not establish a basis for diversity jurisdiction. *See* 28 U.S.C. § 1332.

[5] "[A] complaint fails to invoke the Court's jurisdiction when the complaint 'is wholly insubstantial and frivolous.'" *Selensky v. Alabama*, No. CIV.A. 14-00062-CG-N, 2014 WL 2508875, at *4 (S.D. Ala. June 3, 2014), *aff'd*, 619 F. App'x 846 (11th Cir. 2015) (quoting *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 341–42 (5th Cir. 1977) (quoting *Bell v. Hood*, 327 U.S. 678, 681–82 (1946)), cert. denied, 436 U.S. 946 (1978)); *Davis*, 357 F. App'x at 238–39 (stating complaint is frivolous under § 1915 where court lacks subject matter jurisdiction).

The Complaint and the response to the Court's jurisdictional order are mostly obscure ramblings. A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327). An action is also frivolous if the "plaintiff's realistic chances of ultimate success are slight." *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990). A complaint may be frivolous, for example, when it appears on the face of the pleading that the factual allegations are "clearly baseless" or the asserted legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

As noted, the Complaint alleges that children who were in the custody of one or more of the private citizen defendants were the victims of physical abuse. Plaintiff characterizes the terrible treatment of the children as, among other things, "revengeful MURDER and Trafficking etc." Doc. 12 at 5 (emphasis omitted).

In his response to the Court's jurisdictional order, Plaintiff argues one child was "held Hostage Under Color of Law, by the renown White Couple" the Vermillion defendants, and the other child was "held Hostage by an inter-racial couple," whom he identifies as the other defendants, "Johnathan Jenkins and his White Wife Melody." Doc. 12 at 1. Plaintiff further argues that DHR employees have participated in the general maltreatment of unidentified black children. Doc. 12 ("The few Black Parents who try to legally fight back, or try to hide with their children etc. from D.H.R. employees Racist Hate Crimes of Trafficking their Black infant Children's etc., DHR employees did and have

11

coerce false witness's testimony against them, . . . these are DHR ill-trained employee's pattern and practice of Premeditated Hate Crimes of Terror-Brutal-Brainwashing-Trafficking-Kidnapping etc. of Black infant Children Under Color of Law.") (emphasis omitted). The response includes colorful and confusing statements related to other individuals and alleged acts, including the "Historical infamous – Tuskegee Racist Syphilis Experiments of 1932 – 1973," the "D.H.R. Assistant Attorney General" "for Crimes of Aiding and Abetting Montgomery D.H.R. ill trained employees etc. with their racially Criminal Premeditated 'State-Created-Black-Child-Danger,'" and "a Cocaine (powder head) Addict . . . who has committed almost every crime imaginable." *See* Doc. 12.

Plaintiff's near-fanciful allegations are difficult to follow. Whatever the reality of this family-court-related dispute, the allegations set forth here provide no legal claim in this court. For example, no civil claim related to murder, attempted murder, trafficking, or the like will lie against the private actor defendants. *See Tucker v. Trump*, No. 1:17-CV-291-MW-GRJ, 2017 WL 8681936, at *1 (N.D. Fla. Dec. 11, 2017), *report and recommendation adopted,* No. 1:17CV291-MW/GRJ, 2018 WL 1542389 (N.D. Fla. Mar. 29, 2018) (complaint may be frivolous where it is clearly baseless because the plaintiff "seeks to enforce a right which clearly does not exist . . . or there is an affirmative defense which would defeat the claim, such as the statute of limitations, res judicata, collateral estoppel, or absolute immunity") (citing *Neitzke*, 490 U.S. at 327 and *Clark v. State of Ga.*

*Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).[6] The civil claims in this Court, whatever they may be, are baseless.

Additionally, Plaintiff references a number of criminal statutes in the Complaint and in his response. Plaintiff may, then, intend to pursue criminal action here. However, a criminal pursuit is indisputably meritless as there is no private right of action to pursue criminal charges. *Smith v. JP Morgan Chase*, 837 F. App'x 769 (11th Cir. 2021) (holding "criminal statutes do not provide for private civil cause of action, so it follows that [Plaintiff's] Title 18 allegations are also without merit because those criminal statutes do not provide for private causes of action") (citing *Love v. Delta Air Lines*, 310 F.3d 1347, 1352–53 (11th Cir. 2002)); *Walker v. Alexander*, No. 5:18-CV-1618-LCB-SGC, 2020 WL

---

[6] To the extent Plaintiff intended to bring an action against DHR, the action would not move forward given that entity's immunity from suit. *See Lowe v. State of Alabama*, 2:19cv328-MHT-JTA, Doc. 12 at 6–7 (dismissing case under § 1915 based on the sovereign immunity of Alabama DHR as an arm of the State). In dismissing Plaintiff's recent lawsuit against the Alabama DHR, Judge Adams aptly noted the applicable immunity principles:

> It is "well-settled that Eleventh Amendment immunity bars suits brought in federal court . . . when an 'arm of the State' is sued." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (citation omitted). "Prior state and federal court decisions establish that . . . Alabama DHR [is] entitled to sovereign immunity with respect to all forms of relief asserted against [it]." *Thomas v. Buckner*, No. 2:11–CV–245–WKW, 2011 WL 4071948, at *6 (M.D. Ala. Sept. 13, 2011). *See also Hatcher v. Alabama Dep't of Human Servs., Child Support Enf't Div.*, 747 F. App'x 778, 783 (11th Cir. 2018) (finding that State of Alabama Department of Human Services, Child Support Enforcement Division is treated as an arm of the state by Alabama and thus is entitled to Eleventh Amendment immunity); *Kid's Care, Inc. v. State of Ala. Dep't of Human Res.*, No. 01–T–453–N, 2001 WL 35827965, at *1 (M.D. Ala. June 14, 2001) (finding that the Eleventh Amendment "bars all claims against [Alabama DHR] in federal court"); *Ex parte Ala. Dep't. of Human Res.*, 999 So. 2d 891, 896 (Ala. 2008) (holding that Alabama DHR is entitled to sovereign immunity under Alabama Constitution); *Franklin Cty. Dep't of Human Res.*, 674 So. 2d 1277, 1279 (Ala. 1996) (holding that county department of human resources is entitled to sovereign immunity under Alabama Constitution).

*Id*.

13

1237974, at *3 (N.D. Ala. Feb. 14, 2020), *report and recommendation adopted*, No. 5:18-CV-1618-LCB-SGC, 2020 WL 1235904 (N.D. Ala. Mar. 9, 2020) ("A private citizen has no judicially cognizable interest in the prosecution of another person, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and the decision whether to prosecute a crime 'is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced,' *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000).").

Plaintiff is no stranger to this Court, having filed over 10 other cases here.[7] The present Complaint is not unlike a prior pleading by this Plaintiff that this Court dismissed as frivolous under § 1915 and characterized as containing "'the hallucinations of a troubled man,' which cannot be salvaged by amendments to the complaint." *Lowe v. United States Dep't of Justice*, No. 2:14cv1056-WKW-TFM, Doc. 6 at 3. Section 1915(e) not only allows, *but expressly requires*, district courts to dismiss such claims. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that district court "shall" dismiss a complaint at any time if the court determines that the action is "frivolous or malicious"). This Complaint, like many others he has filed in this Court, is subject to dismissal on the basis of frivolity even if a

---

[7] *See, e.g. Lowe v. State of Maryland*, 2:02cv234 (dismissed under § 1915); *Lowe v. Montgomery City of Alabama*, 2:07cv29 (dismissed under § 1915); *Lowe v. United States*, 08cv466 (dismissed under § 1915); *Lowe v. State of Alabama*, 13cv721 (dismissed under § 1915); *Love v. United States Dep't of Justice*, 14cv721 (dismissed under § 1915); *Lowe v. State of Alabama*, 19cv328 (dismissed under § 1915).

Plaintiff has also filed many cases in the state courts of Alabama, according to the state court's electronic filing database. *See, e.g. Lowe v State of Alabama City of Montgomery*, 03cv2012-000551; *Lowe v. Charles Caldwell*, 03cv2010-001604; *Lowe v. Charles Caldwell*, 03cv2010-000882; *Lowe v. Charles Caldwell*, 03cv2016-000196.

14

jurisdictional foundation could be identified. *See Selensky*, 2014 WL 2508875, at *4 ("This action is, therefore, due to be dismissed with prejudice both for lack of subject matter jurisdiction and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the sole defendant is immune from suit.").

Before dismissal of the complaint pursuant to § 1915(e), "[a] plaintiff ordinarily should get one opportunity to amend his complaint before dismissal with prejudice." *Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)). However, where the complaint is frivolous or the amended complaint would otherwise be subject to dismissal, no opportunity to amend is required. *Lietzke v. City of Mont.*, No. 2:20-CV-01030-ECM-JTA, 2023 WL 3238945, at *2 (M.D. Ala. May 3, 2023), *recommendation adopted CITE* (citing *Emrit*, 829 F. App'x at 477; *Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) ("The district court may dismiss a plaintiff's claims sua sponte—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous." (citing *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing in turn § 1915(e)(2)(B)(i)))); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile." (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007))).

15

## IV. CONCLUSION

For the reasons set forth above, it is the recommendation of the Magistrate Judge that this action be dismissed without prejudice prior to service for lack of subject matter jurisdiction and dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Further, it is ORDERED that by **August 11, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3-1.

Done this 28th day of July, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE